# LAVELLE LAW
## & ASSOCIATES P.C.

WILLIAM T. LAVELLE, ESQ.
*Attorney at Law*

*Also Admitted in California
Eastern District of New York
Southern District of New York*

57 East Main Street, Patchogue, New York 11772
(631) 475-0001  Fax (631) 447-7150
lavellelawassociates@gmail.com

January 22, 2021

Hon. Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

       Re: Thomason v. Crawford
        Case No.: 17-CV-818(AMD)(RER)

Dear Judge Donnelly:

  As the court is aware, I represent plaintiff, Dennis Thomason in the above captioned action against Nassau County police officer, Sgt. James Crawford. I write the court in conjunction with the filing of plaintiff's Rule 56.1 Statement. As the court is also aware, opposing counsel and I have executed and filed a stipulation discontinuing the action as to Corporal Donnery, thus the only defendant that remains in this action is Sgt. James Crawford.

  Plaintiff alleges that in the course of taking the plaintiff into custody after a traffic stop based on the plaintiff's alleged violation of traffic law(s), Sgt. Crawford (whose rank at the time was Lieutenant) used unnecessary, unreasonable and excessive force in violation of the plaintiff's rights under 42 U.S.C. § 1983.

  As the court is also aware, the plaintiff had been a "Pro-Se" plaintiff during most of this litigation, and while operating "Pro-Se" he was deposed by defendant's counsel. Sgt. Crawford, however, was never deposed prior to the time to conduct discovery had expired. As a result, many of the allegations, assertions and/or statements that were presented by counsel in Defendant's Rule 56.1 Statement were taken from Sgt. Crawford's "Use of Force Report", which counsel marked as Exhibit "E" to her Rule 56.1 Statement.

  Plaintiff's Rule 56.1 Statement addresses each allegation, assertion and/or statement contained within every paragraph of Defendant's Rule 56.1 Statement by either: (1) not contesting the allegation, assertion and/or statement; (2) contesting the veracity of the allegation assertion and/or statement; (3) contesting counsel's characterization of the sum and substance of portions of the plaintiff's deposition testimony; or (4) quoting portions of the plaintiff's deposition testimony the sum and substance of which directly contradict certain allegations, assertions and/or statements

The entirety of Plaintiff's Rule 56.1 Statement speaks for itself, however, I would like to point out two of the most important pieces of Plaintiff's Rule 56.1 Statement, which go to the heart of this case and Sgt. Crawford's alleged excessive use of force, by quoting portions of the plaintiff's deposition testimony the sum and substance which is in direct conflict with certain allegations, assertions and/or statements contained in Defendant's Rule 56.1 Statement as follows:

- paragraph twenty (20) of Defendant's Rule 56.1 Statement alleges that the "Plaintiff refused to show his hands as instructed by Lieutenant Crawford. Instead he responded by stating Fuck you, I don't have to show you shit." This allegation/assertion is in direct conflict with the plaintiff's deposition testimony as outlined in paragraph twenty (20) of Plaintiff's Rule 56.1 Statement; and

- paragraph twenty (22) of Defendant's Rule 56.1 Statement alleges that the "Plaintiff refused to comply and continued to reach into his pocket." This allegation/assertion is in direct conflict with the plaintiff's deposition testimony as outlined in paragraph twenty (22) of Plaintiff's Rule 56.1 Statement.

As the court can see the two most important aspects of this case, which are the defendant's allegation/assertion the plaintiff refused to show his hands as instructed by Lt. Crawford and that he refused to comply and continued to reach into his pocket were forcefully denied by the plaintiff in his deposition testimony. As a result, these two (2) main issues which go directly to the plaintiff's claims of excessive force are in controversy which precludes the granting of summary judgment to the defendant in this matter.

Thus, I respectfully request that this court set this matter down for a pre-trial conference so that so that a pre-trial discovery schedule can be entered into between the parties.

Respectfully yours

William T. LaVelle, Esq.

Cc: *Sent via e-mail to jrogers1@nassaucountyny.gov*
Nassau County Attorney
Jennean R. Rogers, Esq.
*Attorneys for Defendants*
CORPORAL DONNERY #252 and SGT. JAMES CRAWFORD
1West Street
Mineola, NY 11501
(516) 571-6326